IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSWALDO BARRIOS, on behalf of himself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>INSTALLATION SQUAD, LLC; MASTEC NETWORK SOLUTIONS, LLC; BERNARDO NAPOLES; and ANGEL RINCON,<br>　　　　Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:25-cv-291-JKP-ESC |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, Oswaldo Barrios, on behalf of himself and all others similarly situated, and complains of Defendants Installation Squad, LLC; MasTec Network Solutions, LLC; Bernardo Napoles; and Angel Rincon, and would respectfully show the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff and all others similarly situated are current and former employees who worked for Defendants to provide DirecTV installation and repair services to Defendants' customers. Plaintiff brings this action to recover unpaid compensation, including unpaid overtime premiums and unpaid piece-rate wages, to recover improper deductions and withholdings, and for other appropriate relief from the Defendants pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Plaintiff contends that Defendants improperly failed to compensate Plaintiff at one and one-half times his regular rate for hours worked over forty in each work week, made unauthorized deductions, and failed to pay for work performed, thereby depriving Plaintiff of compensation to which he was entitled under the FLSA and breaching his contract of employment.

1

Plaintiff seeks declaratory relief, back pay, compensatory damages, liquidated damages, and attorney fees and costs.

## PARTIES

2. Plaintiff Oswaldo Barrios is an individual Texas resident who was jointly employed by Defendants as a technician from September 1, 2017 to August 1, 2024.

3. Defendant MasTec Network Solutions, LLC is a Florida limited liability company registered to do business in Texas. Defendant MasTec has appeared in this case. Defendant MasTec acted as an "employer," as defined by the FLSA, of Plaintiff and all others similarly situated. Defendant MasTec contracts with DirecTV as a Home Service Provider.

4. Defendant Installation Squad, LLC is a Florida limited liability corporation doing business in Texas without an active license allowing it to do so. Defendant Installation Squad has been served with process but has not yet entered an appearance in this case. Defendant Installation Squad acted as an "employer," as defined by the FLSA, of Plaintiff and all others similarly situated. Defendant Installation Squad has a subcontract with Defendant Mastec to perform DirecTV installations and repairs under Defendant MasTec's contract with DirecTV.

5. Defendant Bernardo Napoles is a natural person who acted directly in the interest of Installation Squad, LLC in relation to Plaintiff. He may be served at Installation Squad, 9737 NW 41st St., Suite 1065, Doral, FL 33178, or wherever he may be found. Defendant Napoles acted as an "employer," as defined by the FLSA, of Plaintiff and all others similarly situated.

6. Defendant Angel Rincon is a natural person who acted directly in the interest of Installation Squad, LLC in relation to Plaintiff. He may be served at Installation Squad, 9737 NW 41st St., Suite 1065, Doral, FL 33178, or wherever he may be found. Defendant Rincon acted as an "employer," as defined by the FLSA, of Plaintiff and all others similarly situated.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

8. The events out of which this suit arises occurred within the geographical jurisdiction of the San Antonio Division, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Under the FLSA, a separate cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed. *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987). The "relevant period" for which Plaintiff seeks compensation in this lawsuit covers all paydays in the period commencing three years before the date this suit was filed and continuing thereafter through approximately August 1, 2024.

10. During the relevant period, all Defendants acted as "employers," as that term is defined in 29 U.S.C. § 203(d), of Plaintiff and all others similarly situated.

11. During the relevant period, Plaintiff and all others similarly situated were "employees" of Defendants as that term is defined in 29 U.S.C. § 203(e), as non-exempt workers performing DirecTV installations and repair services.

12. During the relevant period, all Defendants were enterprises engaged in commerce or in the production of goods for commerce, as that phrase is defined in 29 U.S.C. § 203(s)(1).

13. Plaintiff performed labor for the benefit of Defendants, where Defendants commanded when, where, and how much labor he was to perform.

14. Defendants jointly determined the rate of pay for Plaintiff.

15. During the relevant time period, the Plaintiff had oral agreements with Defendants to provide DirecTV installation and repair services to Defendants' customers. His work involved driving to customers' homes and installing or repairing hardware and equipment, among other things.

16. Defendants provided Plaintiff decals and other insignia with the DirecTV logo that he was required to display.

17. Defendants provided Plaintiff daily work assignments and instructions, and they revoked and modified assignments. Defendants imposed standards for how and when Plaintiff performed his work.

18. Defendants possessed and exercised the power to discipline Plaintiff for poor performance, including through withholding or modifying assignments, withholding pay, and/or termination.

19. While employed by Defendants, Plaintiff and others similarly situated regularly worked hours in excess of 40 per week during the relevant period.

20. Throughout the relevant period, Defendants refused to pay Plaintiff and others similarly situated at one and one-half times their regular rate of pay for hours worked in excess of 40 each week.

21. Throughout the relevant period, Plaintiff performed under his contract with Defendants. Defendants, however, refused to compensate Plaintiff for all service orders completed as required under the parties' contract. As a result of Defendants' actions, Plaintiff has suffered damages.

22. Throughout the relevant period, Defendants made regular and unauthorized wage deductions.

23. As a proximate result of Defendants' improper and illegal actions, including their breach of their employment contract with Plaintiff, Plaintiff has suffered damages and is owed breach-of-contract damages.

24. As a result of Defendants' conduct, Plaintiff has been forced to retain legal counsel to protect his legal rights. Plaintiff is entitled to recover from Defendants his reasonable and necessary attorney fees and expenses, including but not limited to attorney fees in any appeal.

25. Plaintiff has fulfilled all jurisdictional prerequisites to bringing this suit and obtaining the relief stated herein.

## FIRST CAUSE OF ACTION – FLSA

26. Defendants' failure to pay Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of 40 each week during the relevant period violated Defendants' obligations and Plaintiff's rights to overtime pay required by the FLSA.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

27. Defendants' failure to compensate Plaintiff for each service call completed by Plaintiff breached the parties' contract.

28. Defendants' unauthorized deductions from Plaintiff's pay violated the parties' contract.

## REQUEST FOR JURY TRIAL

29. Plaintiff requests and demands a jury trial.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendants be cited to appear and answer herein; and that upon final hearing, the Court grant Plaintiff relief as follows.

  A. Declare that Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff and all others similarly situated one and one-half times their regular rate of pay for all hours worked over forty in a work week during the relevant period.

  B. Declare that Defendants breached their employment contracts with Plaintiff.

  C. Order Defendant to pay Plaintiff breach-of-contract damages.

  D. Order Defendants to pay Plaintiff and all others similarly situated their unpaid overtime wages in an amount equal to the difference between what they actually received and what they would have received had Defendants properly complied with the Fair Labor Standards Act.

  E. Order Defendants to pay Plaintiff and all others similarly situated liquidated damages in an amount equal to the unpaid overtime premiums awarded to them.

  F. Order Defendants to pay reasonable attorney fees and costs.

  G. Order Defendants to pay the maximum amount of pre- and post-judgment interest permitted by law.

  H. Award all such other and further relief, at law or in equity, to which Plaintiff and all others similarly situated may show themselves justly entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

  /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 1st day of April, 2025.

                                   /s/ Matt Bachop
                                   Matt Bachop