IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSWALDO BARRIOS,<br>on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>INSTALLATION SQUAD, LLC; MASTEC NETWORK SOLUTIONS, LLC; BERNARDO NAPOLES; and ANGEL RINCON,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 5:25-cv-291-JKP-ESC |

**DEFENDANT MASTEC NETWORK SOLUTIONS, LLC'S
RULE 12(b)(6) MOTION TO DISMISS**

Each of Plaintiff Oswaldo Barrios' claims against Defendant MasTec Network Solutions should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Fair Labor Standards Act ("FLSA") claim fails because he provides no factual support for his conclusory allegation that MasTec was his "employer" or the "employer" of the putative collective, as that term is defined by the FLSA. Plaintiff's collective action claim under the FLSA further fails because his collective definition is too vague and overbroad to provide MasTec with fair notice of who would be included in the collective, and because Plaintiff fails to allege sufficient facts to demonstrate the putative members of the collective action were similarly situated to him.

Plaintiff's threadbare allegations fail to state a claim for breach of contract against MasTec as he fails to sufficiently allege any of the key elements of a breach of contract claim, including the existence of a valid contract, the terms of such an agreement, who made the alleged agreement with Plaintiff and whether that person was an authorized agent of MasTec, how the agreement was

breached, and whether the breach was committed by a representative of MasTec. Finally, Plaintiff fails to state a claim based on his vague, conclusory allegations that "Defendants" made authorized deductions from his pay. As a result, Plaintiff's claims against MasTec should be dismissed.

## I.   PROCEDURAL BACKGROUND

Plaintiff, on behalf of himself and all others similarly situated, filed suit on January 22, 2025, in the 57th Judicial District Court, Bexar County, Texas, against MasTec, Installation Squad, LLC; Bernardo Napoles; and Angel Rincon (collectively, "Defendants"), alleging Defendants collectively violated the FLSA by failing to pay Plaintiff overtime, breached an alleged contract by failing to compensate Plaintiff for services, and violated the Texas Payday Law by making unauthorized deductions from Plaintiff's compensation. ECF No. 1-4. On March 18, 2025, MasTec timely removed the state-court action to this Court. ECF No. 1. That same day, undersigned counsel e-mailed Plaintiff's counsel to provide notice of MasTec's intent to file a Motion to Dismiss and to provide an overview of the anticipated arguments for the Motion to Dismiss, pursuant to Section 1 of the Court's Standing Order in Civil Cases. Ex. A.

On March 25, 2025, Plaintiff filed an Advisory of Intent to Amend Complaint, ECF No. 4, and filed his First Amended Complaint on April 1, 2025, on behalf of himself and all others similarly situated. ECF No. 6. Plaintiff removed his Texas Payday Law claim from his Amended Complaint but continues to assert that Defendants violated the FLSA by failing to pay him and others similarly situated overtime and breached an alleged contract by failing to compensate him for each service and taking alleged unauthorized deductions from his compensation. *Id.* ¶¶ 27–28.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A claim is "plausible" if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that offers only a "formulaic recitation of the elements of a cause of action" or consists merely of "naked assertions devoid of further factual enhancement" is not sufficient. *Id*. (citing *Twombly*, 550 U.S. at 555, 557) (cleaned up).

In considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true but need not do the same for legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. At 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

### III.   ARGUMENT & AUTHORITIES

**A.   Plaintiff Fails To State an FLSA Claim**

Plaintiff's FLSA claims against MasTec fails because he fails to sufficiently plead that MasTec was his "employer" or the "employer" of the putative collective. Plaintiff's collective action claim under the FLSA further fails because the collective definition is too vague and overbroad to provide MasTec with fair notice of who would be included in the collective, and because Plaintiff fails to allege sufficient facts to demonstrate the putative members of the collective action were similarly situated to him. In light of these deficiencies, the FLSA claims against MasTec should be dismissed.

1. **Plaintiff Fails to Sufficiently Allege MasTec Is an Employer**

Plaintiff's individual and collective action claims under the FLSA should be dismissed because Plaintiff fails to adequately allege that MasTec acted as anyone's employer. The FLSA requires employers to pay employees overtime for workweeks longer than forty hours. 29 U.S.C. § 207(a)(1). To establish an overtime FLSA violation, a plaintiff must show: (1) an employer-employee relationship existed; (2) the employee engaged in activities within FLSA coverage; (3) the employer violated the FLSA overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Plaintiff's Amended Complaint does not set forth sufficient factual information, accepted as true, that would support the reasonable conclusion that MasTec was his "employer" for purposes of the FLSA.

The Fifth Circuit uses the "economic reality test" to evaluate whether an employer-employee relationship exists under the FLSA. *Gray v. Powers*, 673 F.3d 352, 255 (5th Cir. 2012). Applying the test, courts consider whether the alleged employer: "(1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). "No factor is dispositive, but an absence of all factors is fatal." *Barrick v. Edge OFS Holdings, LLC*, No. PE-24-CV-00003-DC-DF, 2025 WL 498548, at *3 (W.D. Tex. Jan. 29, 2025) *report and recommendation adopted*, No. P:24-CV-00003-DC, 2025 WL 495563 (W.D. Tex. Feb. 13, 2025).

"Multiple employers may exist for the purposes of FLSA liability." *Id.* "In such cases, courts apply the economic reality test to each employer and each employer must satisfy the test." *Id.* (citing *Gray*, 673 F.3d at 355). Thus, to survive a motion to dismiss, a plaintiff must "allege enough facts to show a facially plausible employer-employee relationship with each alleged

employer." *Id.*; *see also Kaminski v. BWW Sugar Land Partners*, No. CIV.A. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA.").

Here, Plaintiff does not sufficiently allege that MasTec, individually, was Plaintiff's employer or the employer of the putative collective. Plaintiff claims all Defendants acted jointly as his employer and the employer of the putative collective. ECF No. 6 ¶¶ 3–6. Plaintiff fails, however, to allege specific facts concerning MasTec that support this conclusory assertion. The only allegations Plaintiff specifically asserts against MasTec are about its purported contract with DirecTV and alleged subcontractor relationship with Defendant Installation Squad. ECF No. 6 ¶¶ 3–4. The remainder of Plaintiff's allegations refer to MasTec, Installation Squad, Napoles, and Rincon collectively as "Defendants," which is insufficient to meet his pleading burden. *See, e.g.*, ECF No. 6 ¶¶ 13–18.

"[C]ollective allegations against multiple defendants are insufficient to establish an employment relationship in the FLSA context against each individual defendant." *Barrick*, 2025 WL 498548 at *3; *see also Fernandez v. JaniKing Int'l, Inc.*, No. CV H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018) ("[I]t is not enough to allege, in a conclusory or collective manner, that several defendants are a plaintiff's 'employer' for FLSA purposes."), *report and recommendation adopted sub nom.*, *Fernandez v. Jani-King Int'l, Inc.*, No. 4:17-CV-1401, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018). Thus, such collective allegations against "Defendants" are not sufficient to meet Plaintiff's burden to plead MasTec was his employer.

Courts have held similar allegations against a group of defendants insufficient to plead employer status as against any of them. In *Escobedo v. Metal Protective Coating Professionals, Inc.,* the court affirmed that the plaintiff carries the burden of alleging that each of the defendants "actually fall[s] within the requirements of the [FLSA] and [is] covered by it." No. 4:13-cv-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013) (citation and internal quotation marks omitted). While acknowledging that the plaintiff unambiguously alleged "that he worked for *someone*," the court found he nevertheless failed to "furnish[ ] the Court with *any* factual allegations as to which Defendant did what." *Id.* (emphasis in original). The court concluded that without more factual content, it was "incapable of inferring" that any of the defendants acted as the plaintiff's employer and granted the defendants' motion to dismiss. *Id.* at *2-3; *see also Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, 2016 WL 3906820, at *8 (W.D. Tex. July 13, 2016), *report and recommendation adopted*, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016) (granting motion to dismiss when plaintiffs failed to adequately plead facts establishing that each defendant qualified as an employer).

Plaintiff does not offer any specific factual allegations demonstrating that MasTec, individually, satisfies any element of the economic reality test. Accordingly, Plaintiff's FLSA claims against MasTec should be dismissed because he fails to adequately allege that MasTec acted as anyone's employer.

**2.    Plaintiff's Vague Collective Definition Does Not Put MasTec on Fair Notice of its Members or Demonstrate Plaintiff Is Similarly Situated To Anyone**

Plaintiff's collective action claim fails because his collective definition is too vague and overbroad to provide MasTec with fair notice of who would be included in the collective, and because he fails to allege sufficient facts to demonstrate the putative members of the collective action are similarly situated to him. FLSA collective actions are subject to dismissal under Rule

12(b)(6). *See, e.g.*, *Barajas v. Fila-Mar Energy Servs., LLC*, No. MO22CV00027DCRCG, 2022 WL 17732435, at *2 (W.D. Tex. July 7, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17732430 (W.D. Tex. Aug. 16, 2022). The Fifth Circuit instructs that "a district court must rigorously scrutinize the realm of 'similarly situated' workers and must do so from the outset of the case . . . ." *Swales v. KKLM Transp. Servs., LLC*, 985 F.3d 430, 440 (5th Cir. 2021).

"[C]ollective action allegations are subject to dismissal under 12(b)(6) unless they give Defendants fair notice of the putative class." *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015). "Making sufficient factual allegations to support a collective action is a low bar." *Guilbeau v. Schlumberger Tech. Corp.*, No. SA-21-CV-0142-JKP-ESC, 2022 WL 199271, at *6 (W.D. Tex. Jan. 21, 2022) (internal quotation marks omitted). Putative plaintiffs need not be identical, and a plaintiff need only show the other employees "have substantially similar job requirements and are subject to the same common compensation scheme." *Hutchings v. XTO Energy, Inc.*, No. 20-CV-94, 2021 WL 2419456, at *3 (W.D. Tex. Jan. 8, 2021) (internal quotation marks omitted).

Plaintiff, however, fails to meet this low bar. He asserts in his Amended Complaint: "Plaintiff and all others similarly situated are current and former employees who worked for Defendants to provide DirecTV installation and repair services to Defendants' customers." ECF No. 6 ¶ 1. Plaintiff further alleges that he and "others similarly situated regularly worked hours in excess of 40 [hours] per week during the relevant period" but that "Defendants refused to pay Plaintiff and others similarly situated" overtime for any time worked in excess of 40 hours per week. ECF No. 6 ¶¶ 19–20. This description of the putative collective is wholly inadequate because it does not provide Defendant with fair notice of who would be included in the collective.

Indeed, courts have rejected collective descriptions even more detailed than Plaintiff's description here. *See, e.g.*, *Barajas*, 2022 WL 17732435, at *2 (rejecting collective defined to include "[a]ll sand coordinators, forklift operators any other hourly employees who were employed by [Defendant]."); *Schnelle v. Chevron U.S.A. Inc.*, No. MO:20-CV-112-DC-RCG, 2021 WL 2773010, at *3 (W.D. Tex. Jan. 28, 2021) ("Plaintiff's proposed class of '[a]ll individuals working for, or on behalf of, Chevron who were paid a day-rate with no overtime in the past 3 years' does not provide Defendant with sufficient notice of who Plaintiff seeks to include in the putative class."), *report and recommendation adopted*, No. MO:20-CV-112-DC, 2021 WL 2773008 (W.D. Tex. Mar. 7, 2021); *Flores v. Act Event Services, Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (finding that a class of "all persons who worked or work for defendants and who were/are subject to defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter" was insufficient to provide defendants fair notice of the putative class members). So too should Plaintiff's collective definition be rejected.

Additionally, Plaintiff does not include any allegations showing that he is similarly situated to the putative collective. He does not limit the definition to workers who had the same compensation arrangements, held the same job title, worked at the same location, or performed similar job duties, nor does he place any time limitation on the collective. Plaintiff also fails to allege that the improper pay practice was not dependent on specific job duties, titles, or location, such that he would be relieved of the burden of pleading similar job duties, titles, or locations. *Compare with Guilbeau*, 2022 WL 199271, at *7 (finding plaintiff stated a collective action claim where he did not identify job titles or responsibilities but alleged such matters did not affect whether the employees are similarly situated because the same pay policy applied to all collective members); *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2016 WL 9308422, at *3 (W.D.

Tex. Aug. 11, 2016) (finding plaintiff stated a collective action claim where he alleged that "while exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield"), *report and recommendation adopted*, No. 5:16-CV-201-OLG-JWP, 2016 WL 9308525 (W.D. Tex. Sept. 16, 2016).

Plaintiff's vague allegations do not give MasTec fair notice of the putative collective and do not sufficiently show the similarity between Plaintiffs and the proposed collective members. As a result, Plaintiff fails to allege sufficient facts to state a collective action claim that is plausible on its face and the collective claim against MasTec should be dismissed.

**B.     Plaintiff Fails to State a Breach of Contract Claim Against MasTec**

Plaintiff's threadbare allegations fail to state a breach of contract claim against MasTec. In order to state a claim for breach of contract under Texas law, Plaintiff must plead that: "(1) a valid contract exists; (2) [he] performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) [he] sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). To survive a motion to dismiss on a breach of contract claim, Plaintiff must "allege enough facts about the terms of the [contract] to raise [his] right to relief above the speculative level." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014).

Here, Plaintiff alleges only that he "had oral agreements with Defendants to provide DirecTV installation and repair services to Defendants' customers" and that Defendants "refused to compensate Plaintiff for all service orders completed as required under the parties' contract." ECF No. 6 ¶¶ 15, 21; *see also id.* ¶ 27. As with his FLSA claims, Plaintiff's allegations here fail

for lack of specificity because he alleges a contract with "Defendants" collectively, but fails to identify which Defendant did what.

Plaintiff fails to allege the nature of MasTec's purported breach or to identify anyone acting on behalf of MasTec that committed a purported breach. *See Garrison v. Select Portfolio Servicing, Inc.*, No. 5:14-CV-337-DAE, 2014 WL 4187207, at *5 (W.D. Tex. Aug. 21, 2014) (granting motion to dismiss breach of contract claim where plaintiff did "not identify what provisions were breached or provide factual allegations about the terms"); *see also Howley v. Bankers Standard Ins. Co.*, No. 20-10940, 2022 WL 576403, at *2 (5th Cir. Feb. 25, 2022) (per curiam) (affirming dismissal of breach of contract claim under Texas state law where complaint failed to explain how alleged action by defendant amounted to breach of contract).

At an even more basic level, Plaintiff fails to identify any individual with whom he made the purported oral contract or allege whether that person was acting as an agent of MasTec and had authorization to bind MasTec in such an agreement. As a result, he fails to plausibly allege MasTec entered into any kind of oral agreement with him in the first instance. *See Streat v. Jackson*, No. 3:07-CV-1882-P, 2008 WL 11350206, at *2 (N.D. Tex. Apr. 8, 2008) (granting motion to dismiss breach of contract claim where plaintiff did not allege that Defendants were a party to the contract nor that Defendants authorized their purported agent to bind them in contract). For these reasons, Plaintiff's breach of contract claim against MasTec should be dismissed.

**C.      Plaintiff Fails to State a Claim Against MasTec Based on Unauthorized Deductions**

Plaintiff cannot state a claim against MasTec based on his allegations that "Defendants" made unauthorized deductions from his pay because these allegations fail to articulate the types of deductions taken or how they were unauthorized or unlawful. Plaintiff alleges "Defendants made regular and unauthorized wage deductions." ECF No. 6 ¶ 22.

As an initial matter with respect to this theory, it is unclear whether Plaintiff attempts to characterize these deductions as an FLSA violation[1] or a breach of contract. *See* ECF No. 6 ¶ 1 ("Plaintiff contends that Defendants . . . made unauthorized deductions . . . thereby depriving Plaintiff of compensation to which he was entitled under the FLSA."); *id.* ¶ 27 ("Defendants' unauthorized deductions from Plaintiff's pay violated the parties' contract."). Regardless, Plaintiff's allegations are insufficient to state a claim under either theory. Plaintiff does not allege what the improper deductions were, does not describe how such deductions violated any contract or the FLSA, and does not identify who made such alleged deductions, much less specify that MasTec made such deductions. Accordingly, Plaintiff cannot state a claim against MasTec based on his allegations that Defendants made unauthorized deductions.

## IV. CONCLUSION

Plaintiff was given the opportunity to amend his complaint to address the deficiencies noted by MasTec prior to the filing of this Motion. Plaintiff's Amended Complaint, however, fails to cure such deficiencies, as explained above. In light of the foregoing, MasTec respectfully requests that this Court grant its Motion and dismiss all of Plaintiff's claims against MasTec with prejudice.

---

[1] Under the FLSA, an employer may not make deductions that reduce a non-exempt employees' wages below minimum wage or deprive the employee of any required overtime pay. 29 CFR § 4.168.

Dated:  April 15, 2025                                    Respectfully submitted,

*/s/ Nicole S. LeFave*
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Kimberly Kauffman
Texas Bar No. 24089255
kkauffman@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:     512.982.7250
Facsimile:      512.982.7248

**ATTORNEYS FOR DEFENDANT MASTEC NETWORK SOLUTIONS, LL**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I complied with the Court's Standing Order by informing the Plaintiff of the basis of any anticipated motion on March 18, 2025, and the amended pleading is still deficient.

*/s/ Nicole S. LeFave*
Nicole S. LeFave

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Matt Bachop
DEATS DURST & OWEN, PLLC
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
mbachop@ddollaw.com

***Attorney for Plaintiff***

*/s/ Kimberly Kauffman*
Kimberly Kauffman