IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OSWALDO BARRIOS,<br>on behalf of himself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>INSTALLATION SQUAD, LLC; MASTEC NETWORK SOLUTIONS, LLC; BERNARDO NAPOLES; and ANGEL RINCON,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 5:25-cv-291-JKP-ESC<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S RESPONSE TO DEFENDANT MASTEC NETWORK SOLUTIONS, LLC'S RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, Oswaldo Barrios, and files this response in opposition to Defendant MasTec Network Solutions, LLC's motion to dismiss under Rule 12(b)(6).

### I.   INTRODUCTION

MasTec's motion raises four main arguments, urging that Plaintiff's pleading is deficient in (1) alleging that MasTec was an "employer" of his for purposes of the FLSA, (2) defining the class of putative members of the FLSA collective action he seeks to bring, (3) alleging that MasTec breached a contract with him, and (4) alleging that MasTec was responsible for unauthorized deductions from his pay.

Mr. Barrios does not oppose the dismissal of his breach-of-contract claim against MasTec, including the claim that the contract was breached through unauthorized deductions. But for the reasons that follow, Mr. Barrios asks the Court to deny MasTec's motion to dismiss his FLSA claims against MasTec.

1

## II.     ARGUMENTS AND AUTHORITIES

**A.     Mr. Barrios has sufficiently pleaded that MasTec was one of his "employers."**

MasTec's motion begins by arguing that because Mr. Barrios alleges that all four Defendants meet the criteria for "employer" status under the FLSA, and because Mr. Barrios sets out the facts supporting that argument by referring to "Defendants" collectively—rather than making that portion of the complaint four times longer by including identical paragraphs for each individual Defendant—"Plaintiff does not sufficiently allege that MasTec, individually, was Plaintiff's employer." *Mot.* at 4–6.

In support of this argument, MasTec cites Magistrate Judge Fannin's report and recommendation in *Barrick v. Edge OFS Holdings, LLC*, No. PE-24-CV-00003-DC-DF, 2025 WL 498548 (W.D. Tex. Jan. 29, 2025), *R. & R. adopted*, 2025 WL 495563 (W.D. Tex. Feb. 13, 2025), particularly the conclusion that "collective allegations against multiple defendants are insufficient to establish an employment relationship in the FLSA context," *id.* at *3. In support of that proposition, *Barrick* cited *Fernandez v. JaniKing Int'l, Inc.*, No. H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018), *R. & R. adopted*, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018); *Escobedo v. Metal Protective Coating Pros., Inc.*, 13-CV-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013). Neither case supports such a broad generalization.

In *Fernandez*, "all Plaintiffs allege[d] is that 'Defendants,' collectively or as a group, employed them." 2018 WL 539364, at *2. The court correctly ruled that "This is insufficient" because "it is not enough to allege, in a conclusory or collective manner, that several defendants are a plaintiff's 'employer' for FLSA purposes. Instead, '[w]here a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out of facially plausible claim of multiple employer liability under

the FLSA.'" *Id.* (quoting *Kaminski v. BMW Sugar Land Partners*, No. H10–551, 2010 WL 4817057 *2 (S.D. Tex. Nov. 19, 2010)). *Fernandez* held that conclusory assertions are insufficient; it did not hold that collective allegations are always insufficient.

In *Escobedo*, the plaintiff made "bald assertions" that "Defendants have been an employer within the meaning of 3(d) of the FLSA" and "Defendants are Plaintiff's 'employer' within the meaning of Section 3(d) of the FLSA." 2013 WL 6504675, at *1. The only factual allegations the plaintiff made in support of those assertions were (1) that one of the defendants "is a validly existing Texas corporation"; (2) that one defendant was the registered agent for another defendant; (3) "that 'Defendants' employed him from sometime in 2010 through June 13, 2013 at a specific address in Houston, Texas"; (4) that "he 'worked as an assembler/metal cleaner/finisher in Defendant's metal finishing business'"; (5) that "he 'cleaned industrial metal materials utilized primarily in commercial applications and performed any additional general labor requirements required of him by the Defendants'"; and (6) that Defendants required him to work more than 40 hours per week. *Id.* at *2. The court thus correctly concluded that "Plaintiff's Complaint not only lacks factual allegations as to how the events that gave rise to this lawsuit were allocated between the two Defendants—*e.g.,* who forced him to work in excess of forty hours per week?—but also fails to describe how his employment was handled generally. That is, Plaintiff offers nothing in the way of who hired him or had the ability to fire him, who supervised and controlled his schedule and day-to-day duties, who determined what, how, and when he was paid, and the like." *Id.* For those reasons, the court ruled that the plaintiff had not validly pleaded an employer–employee relationship. *Escobedo* did not make a blanket holding that collective factual assertions about the employment relationship are always insufficient.

3

To the extent that *Barrick* purports to rule that collective factual allegations about the actions of multiple companies can never meet the *Twombly*/*Iqbal* pleading standard for alleging employer status for each company, it is unsupported and wrongly decided. *Fernandez* and *Escobedo*, the cases on which *Barrick* relies, correctly hold that a plaintiff must plead more than that "Defendants were employers of Plaintiff" and must give more information about the employment relationship than reciting the factors of the economic realities test.

Mr. Barrios has pleaded much more specifically and provided more information about his employment relationship with MasTec than the plaintiffs in the cited cases did. In support of his claim that MasTec was his employer, Mr. Barrios has pleaded that MasTec (1) "jointly determined the rate of pay for Plaintiff" with the other Defendants; (2) "provided Plaintiff decals and other insignia with the DirecTV logo that he was required to display"; (3) "provided Plaintiff daily work assignments and instructions"; (4) "revoked and modified assignments"; (5) "imposed standards for how and when Plaintiff performed his work"; and (6) "possessed and exercised the power to discipline Plaintiff for poor performance, including through withholding or modifying assignments, withholding pay, and/or termination." *1st Am. Com.* ¶¶ 14, 16–18. This is more than sufficient to meet his pleading burden on the employer–employee relationship.

The level of granular detail that MasTec seeks to force Mr. Barrios to include in his pleading would require Mr. Barrios to <u>marshal evidence</u> in support of the factual assertions set out above to survive a motion to dismiss on the pleadings. That is not the law. As the Court well knows, the requirement for a complaint is to allege enough facts to move the claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mr. Barrios has pleaded more than enough to show a plausible claim that MasTec was his employer. This portion of MasTec's motion should be denied.

**B.     Mr. Barrios has sufficiently described the class of putative members of the FLSA collective action he seeks to bring.**

MasTec's motion next urges that Mr. Barrios's "collective definition is too vague and overbroad to provide MasTec with fair notice of who would be included in the collective" and that "he fails to allege sufficient facts to demonstrate the putative members of the collective action are similarly situated to him," disingenuously claiming that Mr. Barrios "does not limit the definition to workers who had the same compensation arrangements, held the same job title, worked at the same location, or performed similar job duties, nor does he place any time limitation on the collective." *Mot.* at 6–8. It is true that Mr. Barrios does not limit the definition to workers who worked at the same location because, as the Complaint makes clear, the work was performed in customers' homes. *1st Am. Com.* ¶15. But the other limitations are included in Mr. Barrios's live pleading.

Reading Mr. Barrios's First Amended Complaint as a whole, the proposed class is limited to workers who "provide[d] DirecTV installation and repair services" by "driving to customers' homes and installing or repairing hardware and equipment," under Defendant MasTec's contract with DirecTV and Defendant Installation Squad's subcontract with MasTec, whose work was directed by the individual named Defendants, who were paid "piece-rate" wages, who worked more than 40 hours per week, and who were not paid overtime premiums, beginning three years before the filing of the lawsuit. *1st Am. Com.* ¶¶1, 3–6, 9, 15, 19, 20.

This description is much more specific and limited than the descriptions that MasTec claims were "even more detailed than Plaintiff's description here":

- "any other hourly employees who were employed by [Defendant]";
- "[a]ll individuals working for, or on behalf of, Chevron who were paid a day-rate with no overtime in the past 3 years"; and

5

- "all persons who worked or work for defendants and who were/are subject to defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter."

*Mot.* at 8. Unlike those overbroad descriptions that were rejected by courts, Mr. Barrios's description is limited to workers who did the same work, under the same managers, for the same pay.

This description gives MasTec fair notice of who is included in the putative collective and shows the similarity between Mr. Barrios and the other proposed class members. This portion of MasTec's motion should be denied.

C.  **Mr. Barrios does not oppose the dismissal of his breach-of-contract claim against MasTec.**

MasTec's motion next challenges Mr. Barrios's breach-of-contract claim, including the allegation that the contract was breached as a result of unauthorized deductions.[1] *Mot.* at 9–11. Mr. Barrios does not oppose the dismissal of that claim against MasTec. Mr. Barrios will proceed on that claim against the other Defendants.

### III.    CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Mr. Barrios requests that the Court deny Defendant MasTec's motion on all grounds pertaining to Mr. Barrios's FLSA claims.

---

[1] Although MasTec claims that "it is unclear whether Plaintiff attempts to characterize these deductions as an FLSA violation or a breach of contract," *Mot.* at 11, paragraph 28 of the live pleading states that the "unauthorized deductions from Plaintiff's pay violated the parties' contract," and paragraph 26 makes clear that the FLSA claim is limited to "Defendants' failure to pay Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of 40 each week during the relevant period."

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

      /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 29th day of April, 2025.

/s/ Matt Bachop
Matt Bachop

7