IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSWALDO BARRIOS,<br>on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>INSTALLATION SQUAD, LLC; MASTEC NETWORK SOLUTIONS, LLC; BERNARDO NAPOLES; and ANGEL RINCON,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:25-cv-291-JKP-ESC |

**DEFENDANT MASTEC NETWORK SOLUTIONS, LLC'S
REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff's Response fails to provide the Court with any basis for denying MasTec's Motion to Dismiss. First, the case law is clear that collective allegations against all "defendants" are insufficient to demonstrate that an individual defendant acted as an "employer." Second, the Court should reject Plaintiff's attempt to distort and stitch together an assortment of vague allegations into a new definition of a putative collective that he easily could have clearly articulated from the outset. In light of the deficiencies identified in MasTec's Motion and Plaintiff's failure to explain how the allegations in his Amended Complaint cure such deficiencies, the Motion should be granted. Plaintiff should not be allowed any further opportunity to amend, given he was already afforded the opportunity to cure the noted deficiencies by filing his Amended Complaint.[1]

---

[1] Because Plaintiff represents in his Response that he is not opposing the dismissal of his breach-of-contract claim against MasTec, including the claim that the contract was breached through unauthorized deductions, MasTec does not further address such claims here. *See* ECF No. 11 at 1.

**DEFENDANT MASTEC NETWORK SOLUTION, LLC'S
REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS**     1

I.     **Plaintiff Must Assert Separate Allegations Against MasTec**

Plaintiff must assert allegations against *each* defendant individually in order to adequately plead that *each* defendant was his, and the putative collective's, employer under the Fair Labor Standards Act ("FLSA"). Plaintiff does not deny—as noted in MasTec's Motion—that the only allegations he specifically asserts against MasTec individually are about its purported contract with DirecTV and alleged subcontractor relationship with Defendant Installation Squad. *See* ECF No. 6 ¶¶ 3–4. Rather, Plaintiff argues in his Response that there is no *de facto* rule requiring him to individually identify which defendant did what with respect to his employment, and that his collective allegations are against all defendants are sufficient to meet his pleading burden. *See* ECF No. 11 at 4.

Plaintiff is mistaken. The law is clear that the Court must apply the economic reality test on a defendant-by-defendant basis. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (citing *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012)). At the pleading stage, this means Plaintiff must plead separate facts against *each* defendant "that would allow a court to apply the economic reality factors on a defendant-by-defendant basis and determine that each defendant jointly employed the plaintiff." *Hebert v. Marathon Oil Co.*, No. CV H-20-998, 2020 WL 1659885, at *4 (S.D. Tex. Mar. 30, 2020) (citing *Fernandez v. JaniKing Int'l, Inc.*, No. H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018), *report and recommendation adopted sub nom.*, *Fernandez v. Jani-King Int'l, Inc.*, No. 4:17-CV-1401, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018).; *Kaminski v. BMW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010)).

For example, Judge Rosenthal granted a motion to dismiss in *Herbert* when the Plaintiff alleged that the defendants collectively:

- supervised plaintiff's work on a daily basis;
- dictated where, when, and how plaintiff performed his work;

- required plaintiff to attend training, safety, and recap meetings ran by defendants;
- had the right to terminate plaintiff and did terminate his employment; and
- directed plaintiff to work two consecutive weeks on and two consecutive weeks off.

*See* Exhibit A, Pl.'s First Am. Compl., *Hebert*, No. CV H-20-998, ECF No. 27 ¶¶ 15–18, 23. Similar to Plaintiff's joint allegations here against all Defendants, the plaintiff in *Herbert* "refer[red] to all three defendants as 'Marathon' and provide[d] no factual allegations as to which defendant did what." *Herbert*, 2020 WL 1659885 at *4. Failing individualized allegations, the court granted the defendants' motion to dismiss. *Id.* at *5.

Plaintiff's attempts to distinguish the cases MasTec relies on are unavailing. First, Plaintiff contends that his allegations are distinct from the plaintiffs' allegations at issue in *Fernandez* because, in *Fernandez*, "all Plaintiffs allege[d] is that 'Defendants,' collectively or as a group, employed them," whereas Plaintiff "more specifically" pleads here that Defendants in this matter jointly met several of the economic reality test factors. ECF No. 11 at 2, 4 (citation omitted). Plaintiff's argument misconstrues the court's decision in *Fernandez* and the underlying allegations in the operative complaint in that matter. The court did not state that the only allegation the plaintiffs made against the defendants were that they collectively employed the plaintiffs. Indeed, the opinion recites detailed allegations made by the plaintiffs collectively against all defendants, including that they:

- negotiated contracts with customers,
- retained rights to inspect Plaintiffs' work,
- prohibited Plaintiffs from engaging in other cleaning business without written authorization,
- retained rights to require Plaintiffs to undergo checks and drug testing,
- required them to wear Jani–King uniforms,
- retained rights to establish policies and procedures,
- required Plaintiffs to undergo training,
- assigned contracts to the franchisees at their discretion,
- retained the right to perform all billing and accounting functions,

- invoiced all cleaning services directly to customers, and
- paid Plaintiffs any money owed to them.

*See* 2018 WL 539364 at *3.

The court in *Fernandez* concluded that, while the above allegations, which are far more detailed than those provided by Plaintiff here, were sufficient to state that the defendants were their "employers" under the economic reality test, the complaint was still subject to dismissal because "Plaintiffs have not alleged any facts that would establish an employment relationship *on a Defendant-by-Defendant basis*." *Id.* at *2 (emphasis added). Thus here, even assuming *arguendo* for purposes of the Motion that Plaintiff included sufficient allegations to plead that Defendants *collectively* meet the economic reality test, Plaintiff's Amended Complaint is still subject to dismissal because he fails to plead any facts to support the conclusion that MasTec *individually* satisfies the economic reality test. Dismissal is therefore appropriate.

Plaintiff's attempt to distinguish *Escobedo v. Metal Protective Coating Professionals*, No. 4:13-cv-2405, 2013 WL 6504675 (S.D. Tex. Dec. 11, 2013) fares no better. Plaintiff claims *Escobedo* is distinguishable because the plaintiff's complaint in that case lacked factual allegations as to how his employment was handled generally, while his Amended Complaint allegedly does not. ECF No. 11 at 3 (citing *Escobedo*, 2013 WL 6504675 at *2.). But the court in *Escobedo* also held that the plaintiff must allege that *each* defendant was covered by the FLSA and recognized that "Plaintiff has not furnished the Court with *any* factual allegations as to which Defendant did what." 2013 WL 6504675 at *2. Again, assuming *arguendo* that Plaintiff sufficiently pleaded "how his employment was handled generally," he nevertheless fails to provide factual allegations "as to how the events that gave rise to this lawsuit were allocated between the [ ] Defendants" and "which Defendant did what." *See id*. *Escobedo* reinforces the conclusion that Plaintiff's collective allegations are insufficient to show that MasTec acted as his employer.

Plaintiff further argues that *Barrick v. Edge OFS Holdings, LLC* was wrongly decided because it is not supported by *Fernandez* and *Escobedo*, the cases cited by the court in *Barrick*. *See* ECF No. 11 at 2 (citing No. PE-24-CV-00003-DC-DF, 2025 WL 498548, at *3 (W.D. Tex. Jan. 29, 2025), *report and recommendation adopted*, No. P:24-CV-00003-DC, 2025 WL 495563 (W.D. Tex. Feb. 13, 2025)). A thorough review of *Fernandez* and *Escobedo*, however, as well as court's holding in *Herbert*, support the conclusion that collective allegations against multiple defendants are insufficient to establish an employment relationship between a plaintiff and any individual defendant. *Barrick* was not wrongly decided, but rather is well supported in the case law. And Plaintiff does not cite a single case that contradicts or calls into doubt the holdings of *Barrick* or any of MasTec's other cited cases.

Plaintiff further does not contest his failure to provide specific factual allegations demonstrating that MasTec, individually, satisfies any factor of the economic reality test. Accordingly, Plaintiff's FLSA claims against MasTec should be dismissed because he fails to adequately allege that MasTec acted as Plaintiff's employer, or the employer of the putative collective.

## II.   Plaintiff's Attempt To Define the Putative Collective Fails

Plaintiff attempts to rewrite his pleading in his Response to set forth a colorable definition of the putative collective that does not exist in the Amended Complaint. Instead, Plaintiff asks the Court to cobble together allegations from nine different paragraphs throughout his Amended Complaint to form the definition of the collective. ECF No. 11 at 5 ("[T]he proposed class is limited to workers who 'provide[d] DirecTV installation and repair services' by 'driving to customers' homes and installing or repairing hardware and equipment,' under Defendant MasTec's contract with DirecTV and Defendant Installation Squad's subcontract with MasTec, whose work was directed by the individual named Defendants, who were paid 'piece-rate' wages,

who worked more than 40 hours per week, and who were not paid overtime premiums, beginning three years before the filing of the lawsuit." (citing ECF No. 6 ¶¶ 1, 3–6, 9, 15, 19, 20)).

Plaintiff's new collective definition should be rejected because the cited paragraphs do not contain the information Plaintiff recites. While Paragraph 1 does state that similarly situated employees include "current and former employees who worked for Defendants to provide DirecTV installation and repair services to Defendants' customers," it does not provide any further description of the collective. ECF No. 6 ¶ 1. Rather, Plaintiff states he is bringing this action "to recover unpaid compensation, including unpaid overtime premiums and unpaid piece-rate wages" and does not indicate that the collective is limited to only those "were paid 'piece-rate' wages, who worked more than 40 hours per week, and who were not paid overtime premiums," as Plaintiff now represents in his Response. *Id.*

Paragraphs 3 through 6 are brief descriptions of each defendant, and Plaintiff provides no indication in his Amended Complaint that these paragraphs provide parameters for the collective. *See id.* ¶¶ 3–6. For example, Plaintiff alleges in Paragraphs 3 and 4 that MasTec contracts with DirecTV and has a purported subcontract with Defendant Installation Squad, but does not specify anywhere in his Amended Complaint that the collective is limited to workers working under these contracts. *Id.* at ¶¶ 3–4. Plaintiff further alleges in his Response that the collective is limited to workers "whose work was directed by the individual named Defendants," or in other words, is limited to workers working "under the same managers." ECF No. 11 at 5–6. Again, nowhere in Plaintiff's Amended Complaint does he allege that the individual named defendants (or anyone else) managed Plaintiff, beyond his collective allegation that all Defendants "provided Plaintiff daily work assignments and instructions" and "imposed standards" for his work, ECF No. 6 ¶¶ 17–18, nor does he articulate that the putative collective is limited to workers working for the same

managers as Plaintiff.

Moreover, Paragraph 9 indicates that *Plaintiff* seeks compensation for up to three years before this lawsuit, but does not specify that this time period also applies to the collective as a whole. *See id.* ¶ 9. Paragraph 15 states merely that Plaintiff's "work involved driving to customers' homes and installing or repairing hardware and equipment," not that the collective was limited only to individuals performing this type of work. *See id.* ¶ 9. Plaintiff's allegations in Paragraphs 19 and 20 merely state his unpaid overtime claim, i.e., that he and others in the collective worked more than 40 hours a week and were not paid proper overtime. *See id.* ¶¶ 19–20. These paragraphs do not provide meaningful limitations on the putative collective.

Therefore, Plaintiff's new collective definition asserted in his Response to MasTec's Motion should be disregarded, as it is not included in his Amended Complaint, despite Plaintiff already having the opportunity to amend his complaint. *See Hicks v. Ashworth*, No. CV H-23-2234, 2024 WL 3243474, at *6 (S.D. Tex. June 26, 2024) ( "[N]ew facts alleged in a response to a motion to dismiss are not properly before the court and will not be considered when ruling on the motion to dismiss."); *Coach, Inc. v. Angela's Boutique*, No. CIV.A. H-10-1108, 2011 WL 2446387, at *2 (S.D. Tex. June 15, 2011) ("New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings."). Plaintiff further fails to point to any other allegations in his Amended Complaint to show he was similarly situated to anyone himself and the proposed collective members.

Plaintiff was given the opportunity to amend his complaint, and could have chosen to add a succinct, cohesive definition for the collective at that time, but chose not to. Additionally, Plaintiff's definition in his Response misrepresents the actual allegations in his Amended Complaint. Plaintiff's vague allegations do not give MasTec fair notice of the putative collective

and do not sufficiently show the similarity between Plaintiffs and the proposed collective members. As a result, Plaintiff fails to allege sufficient facts to state a collective action claim that is plausible on its face, and the collective claim against MasTec should be dismissed.

## CONCLUSION

Plaintiff fails to articulate any basis for denial of MasTec's Motion to Dismiss. Plaintiff failed to cure the deficiencies noted in MasTec's Motion to Dismiss even after having the opportunity to amend his complaint. Accordingly, MasTec respectfully requests that the Court grant its Motion to Dismiss and dismiss the claims against MasTec in their entirety and with prejudice.

Dated: May 5, 2025                                          Respectfully submitted,

*/s/ Nicole S. LeFave*
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Kimberly Kauffman
Texas Bar No. 24089255
kkauffman@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:    512.982.7248

**ATTORNEYS FOR DEFENDANT
MASTEC NETWORK SOLUTIONS, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Matt Bachop
DEATS DURST & OWEN, PLLC
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
mbachop@ddollaw.com

***Attorney for Plaintiff***

                         */s/ Kimberly Kauffman*
                         Kimberly Kauffman