# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **JIMMY HEBERT,** | § | NO. 3:19cv00109 |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| **MARATHON OIL COMPANY; MARATHON OIL PERMIAN LLC; AND PRESSURE CONTROL, INC., D/B/A ENERGY PERSONNEL INTERNATIONAL** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Jimmy Hebert, respectfully asserts as follows:

### I. INTRODUCTION

1. From March 7, 2018 through January 10, 2009, Defendants, Marathon Oil Company ("MOC"); Marathon Oil Permian LLC ("MOP"); and Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI")[1], employed Plaintiff, Jimmy Hebert ("Hebert"), as a "Completions Consultant" on Marathon's fracking operations in New Mexico's Permian Basin. Marathon worked Hebert in excess of

---

[1] In this Complaint, Marathon Oil Company ("MOC"); Marathon Oil Permian LLC ("MOP"); and Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI") are collectively

eighty (80) hours per week as a "Completions Consultant."

Unfortunately, in violation of the Fair Labor Standards Act ("FLSA"), Marathon paid Hebert only straight-time wages for his overtime hours (i.e. hours in excess of 40 hours per week). Accordingly, Hebert brings this lawsuit against Marathon under the FLSA to recover the unpaid overtime compensation and other remedies to which he is entitled.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a).

3. Venue is proper in the Southern District of Texas under 28 U.S.C. 1391(b) because both MOC, MOP, and EPI reside in this district.

## III. PARTIES

4. Plaintiff, Jimmy Hebert ("Hebert"), is an African-American adult individual who resides in Prairieville, Louisiana.

5. Defendant, Marathon Oil Company ("MOC"), is a corporation residing in this district and in this division. MOC has appeared in this action.

6. Defendant, Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI"), is a corporation residing in this district and has appeared in

---

denominated: "Marathon."

2

this action.

7. Defendant, Marathon Oil Permian LLC ("MOP"), is a limited liability corporation residing in this district and will be served with process, if it does not voluntarily appear.

## IV. FACTS

8. MOC is a Fortune 500 oil exploration and production company that, in 2018, employed approximately 2,400 employees and netted profits of approximately $1.1 billion.

9. MOC and its subsidiary, MOP, engage in extensive oil exploration and production operations in the Permian Basin in New Mexico.

10. MOC and MOP utilize nominal "independent contractors"—supplied by third party subcontractors—to help perform their oil exploration and production operations in New Mexico's Permian Basin.

11. EPI is one such MOC and MOP subcontractor.

12. On about March 7, 2018, EPI—at MOC and MOP's request and direction—retained Jimmy Hebert as a "Completions Consultant" to work on MOC and MOP's "Permian Basin Field Completions Team," which performed fracking operations in New Mexico's Permian Basin.

13. From approximately March 7, 2018, until January 10, 2019, Hebert worked as a "Completions Consultant" on MOC and MOP's "Permian Basin Field Completions Team."

14. At all times, Marathon had the right to control and, in fact, controlled Hebert's work as a "Completions Consultant" on its "Permian Basin Field Completions Team."

15. For example, Marathon Completions Engineer(s), Completions Superintendent(s), Completions Forem(e)n, and/or other Marathon employee(s) supervised Hebert's work as a "Completions Consultant" on a daily basis.

16. Marathon employees dictated where, when, and how Hebert performed his work.

17. Marathon required Hebert to attend Marathon-run training, safety, and recap meetings.

18. Marathon had the right to terminate Hebert and, in fact, did terminate his employment, on or about January 10, 2019.

19. Marathon's relative investment in the work performed by Hebert far exceeded Hebert's.

20. Marathon determined the degree of Hebert's opportunity for profit or loss.

4

21. The skill and initiative required of Hebert to perform his "Completions Consultant" work was not high.

22. As a matter of "economic reality," Hebert was economically dependent upon Marathon.

23. Throughout his employment by Marathon, Hebert—pursuant to Marathon's directive—worked two consecutive weeks (i.e. Monday day through Sunday) and then was off for two consecutive weeks.

24. During his on-duty stints, Marathon worked Hebert, on average, twelve and one-half (12.5) hours per day and, hence, eighty-seven and one-half (87.50) hours per week.

25. Marathon paid Hebert a flat rate of $1,650.00 per day during the period March 7, 2018, through June 30, 2018.

26. Marathon paid Hebert a flat rate of $1,700.00 per day in the period July 1, 2018 through January 10, 2019.

27. Marathon compensated Hebert for all hours he worked in excess of forty (40) hour per week at a straight-time rate of $1,650.00 per day (for the period March 7, 2018, to June 30, 2018) and $1,700.00 per day (for the period July 1, 2018, through January 10, 2019).

28. Marathon failed to pay Hebert *any* overtime compensation, as required by the FLSA, for the hours he worked in excess of forty (40) hour per week during the period March 7, 2018 through January 10, 2019.

29. Marathon's failure to pay Hebert overtime compensation in accordance with the FLSA was intentional, willful, and not in good-faith.

30. At all relevant times, MOC was an "employer," as that term is defined under the FLSA.

31. At all relevant times, MOP was an "employer," as that term is defined under the FLSA.

32. At all relevant times, EPI was an "employer," as that term is defined under the FLSA.

33. At all relevant times, Hebert was MOC, MOP, and EPI's "employee"—as that term is defined under the FLSA—whether singly or jointly.

34. At all relevant times, MOC, MOP, and EPI—whether singly or jointly—"employed" Hebert in "commerce," in the production of "goods" for commerce, or in an enterprise engaged in commerce or in the production of good for commerce, as all of these terms are defined in the FLSA.

35. At all relevant times, MOC, MOP, and EPI—whether singly or jointly—failed to pay Hebert the overtime compensation to which he was entitled under the

6

FLSA.

36. Hebert's written consent to this action has been filed.

37. All conditions precedent to the filing of this action have been performed or have occurred.

Plaintiff, Jimmy Hebert, incorporates by reference herein the allegations contained in paragraphs 1 through 37, *supra*, and further asserts as follows:

## V. CAUSES OF ACTION

38. Marathon Oil Company violated Jimmy Hebert's rights under the FLSA by failing to pay Jimmy Hebert the overtime compensation to which he was entitled under the FLSA.

39. Marathon Oil Permian LLC violated Jimmy Hebert's rights under the FLSA by failing to pay Jimmy Hebert the overtime compensation to which he was entitled under the FLSA.

7

40. Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI"), violated Jimmy Hebert's rights under the FLSA by failing to pay Jimmy Hebert the overtime compensation to which he was entitled under the FLSA.

## VI. PRAYER FOR RELIEF

Accordingly, Plaintiff, Jimmy Hebert, respectfully moves this Honorable Court—after trial by jury on all issues so triable—for the following relief:

1. Declaratory Judgment that MOC, MOP, and EPI violated his rights under the Fair Labor Standards Act ("FLSA");

2. Injunction preventing MOC, MOP, and EPI from engaging in any further violations of Jimmy Hebert's rights under the FLSA and requiring them to take affirmative steps to ensure that they do not engage in the same or similar violations of employees' FLSA rights in the future;

3. Unpaid overtime compensation;

4. Liquidated damages;

5. Reasonable attorney's fees and costs;

6. Pre-judgment and post-judgment interest; and

7. All other relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**

_____
SCOTT NEWAR
S.D. Texas Bar Number 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181 (Fax)
E-Mail: newar@newarlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF, JIMMY HEBERT


**/s/ Charles F. Herd, Jr.**

_____
CHARLES F. HERD, JR.
S.D. Texas Bar Number 2793
Herd Law Firm, PLLC
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: 713-955-3699
Fax: 281-462-5180
cfh@herdlawfirm.law

9

## CERTIFICATE OF SERVICE

I hereby certify that, on May 24, 2019, I served the instant pleading on all Defendants through their respective legal counsel via the Southern District of Texas' CM/ECF system in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

**/s/ Scott Newar**