# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSWALDO BARRIOS, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:25-cv-291-JKP-ESC |
| INSTALLATION SQUAD, LLC; MASTEC NETWORK SOLUTIONS, LLC; BERNARDO NAPOLES; and ANGEL RINCON, | § § § § § § | |
| Defendants. | § § | |

## OSWALDO BARRIOS' AND MASTEC NETWORK SOLUTIONS, LLC'S JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to the Court's Order Setting Initial Pretrial Conference, ECF No. 10, and Local Rule CV-16(d), Plaintiff Oswaldo Barrios and Defendant MasTec Network Solutions, LLC (collectively, "the Parties") file this Joint Discovery/Case Management Plan.

**1.   Are there any outstanding jurisdictional issues?**

   **a.   For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

   Not applicable, as this matter was removed based on federal question jurisdiction and supplemental jurisdiction, not diversity jurisdiction.

   **b.   For cases based on diversity jurisdiction, have all parties filed a disclosure statement as required by Rule 7.1(a)(2) naming and identifying the citizenship of every individual or entity whose citizenship is attributed to each party? If not, disclose that information here. This means LLCs and LPs must disclose the names of their members/partners and the citizenship of each member/partner.**

   Not applicable, as this matter was removed based on federal question jurisdiction and supplemental jurisdiction, not diversity jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Yes, Bernardo Napoles and Angel Rincon have not yet been served. Yes, they should be dismissed.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

<u>**Plaintiff's Position:**</u>

The causes of action are violations of the Fair Labor Standards Act ("FLSA") and breach of contract. Plaintiff does not oppose MasTec's motion to dismiss his breach of contract claim against MasTec. The elements of the FLSA claim are (1) that the plaintiff was an employee of the defendant, (2) the plaintiff worked over 40 hours in a workweek, (3) the defendant knew or should have known that the plaintiff worked over 40 hours in a workweek, and (4) the defendant failed to pay the plaintiff overtime premiums. The elements of the breach-of-contract claim are (1) the existence of a valid contract, (2) performance by the plaintiff, (3) failure to perform by the defendant, and (4) damages sustained by the plaintiff.

<u>**MasTec's Position:**</u>

MasTec denies Plaintiff's allegations and asserts that it did not take any actions toward Plaintiff that entitle him to any relief from MasTec. As a threshold matter, MasTec Network Solutions, LLC is not the proper Defendant in this matter. While MasTec Network Solutions, LLC does not concede that it or any related entity employed Plaintiff, MasTec Network Solutions does not have any relationship with DirecTV, Installation Squad, Bernardo Napoles, or Angel Rincon.

As set forth in MasTec's Motion to Dismiss, Plaintiff fails to sufficiently allege MasTec acted as Plaintiff's or the putative collective's employer for purposes of the Fair Labor Standards Act ("FLSA"). Additionally, Plaintiff's collective definition does not put MasTec on fair notice of its members or demonstrate Plaintiff is similarly situated to anyone. MasTec denies it acted as Plaintiff's employer, or the employer of any member of the putative collective action, for purposes of the FLSA.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The Parties do not propose any changes to the Rule 26(a) initial disclosures at this time.

The Parties will exchange initial disclosures by June 4, 2025.

> **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Parties anticipate taking discovery on all merits-based issues presented in this case, as well as the preliminary issue of whether Plaintiff is similarly situated to the members of the putative collective action he seeks to represent.

The Parties believe discovery should be conducted in two stages in this matter. Pursuant to *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), the Parties agree to conduct preliminary discovery concerning whether the Plaintiff is similarly situated to the putative collective action members and will agree to a deadline by which Plaintiff must file a motion for notice to the members of the putative collective action. During this preliminary discovery phase, the Parties anticipate exchanging written discovery and taking depositions of Plaintiff and corporate representatives of the organizational Defendants.

Once the Court rules on Plaintiff's motion for notice, the Parties will provide a joint proposed scheduling order to govern all remaining case deadlines. In the event the Court authorizes notice to members of a putative collective, MasTec anticipates sending written discovery to all individuals who file consents to join this action and taking the depositions of those individuals.

> **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

None at this time. To the extent the parties have any discoverable information in electronic form in their possession, they will agree to identify and produce said information. The parties agree to produce documents in electronic form, either in native or .pdf format. If a party determines a document is not accessible in its native format, then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format.

> **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502 ;**

The Parties have no issues about claims of privilege at this time. The Parties anticipate entering into an agreed confidentiality and protective order consistent with the Court's form order, which will include a proposed Rule 502 order.

> **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The Parties are not seeking any limitations on discovery, other than conducting discovery in bifurcated stages, as proposed in Paragraph 5(B) above.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties have attached a Proposed Preliminary Discovery Control Plan to this report.

**6.** **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed to date. The Parties will exchange their Initial Disclosures by June 4, 2025. The Parties agree discovery should be conducted in two stages in this matter, as proposed in Paragraph 5(B) above.

**7.** **What, if any, discovery disputes exist?**

None at this time.

**8.** **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties anticipate entering into an agreed confidentiality and protective order consistent with the Court's form order, which will include a proposed Rule 502 order.

**9.** **Have the parties discussed mediation?**

At this early stage, the parties have not engaged in discussions related to the possibility of mediating this dispute. The parties will endeavor to recognize, in good faith, if such opportunity arises in the future.

Dated:  May 27, 2025                                  Respectfully submitted,

| */s/ Matt Bishop (with permission)* | */s/ Nicole S. LeFave* |
|---|---|
| Matt Bachop | Nicole S. LeFave |
| TBN: 24055127 | Texas Bar No. 24085432 |
| DEATS DURST & OWEN, PLLC | nlefave@littler.com |
| 8140 N Mopac Expy, Suite 4-250 | Kimberly Kauffman |
| Austin, Texas 78759 | Texas Bar No. 24089255 |
| (512) 474-6200 | kkauffman@littler.com |
| FAX (512) 474-7896 | LITTLER MENDELSON, P.C. |
| mbachop@ddollaw.com | 100 Congress Avenue, Suite 1400 |
|  | Austin, Texas 78701 |
| **ATTORNEY FOR PLAINTIFF** | Telephone:     512.982.7250 |
|  | Facsimile:      512.982.7248 |
|  | **ATTORNEYS FOR DEFENDANT** |
|  | **MASTEC NETWORK SOLUTIONS, LLC** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2025 a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Matt Bachop
DEATS DURST & OWEN, PLLC
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
mbachop@ddollaw.com

***Attorney for Plaintiff***

                                           */s/ Kimberly Kauffman*
                                           Kimberly Kauffman