IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSWALDO BARRIOS, ON BEHALF OF HIMSELF AND ALL OTHER SIMILARLY SITUATED;  *Plaintiff,*  vs.  MASTEC NETWORK SOLUTIONS, LLC, INSTALLATION SQUAD, LLC, BERNARDO NAPOLES, ANGEL RINCON,  *Defendants.* | §§§§§§§§§§§§§§ | SA-25-CV-00291-JKP |

## SHOW CAUSE ORDER

Before the Court is the above-styled cause of action. The record reflects that on April 21, 2025, Defendant Installation Squad, LLC notified the Court that it had been unable to find local counsel and requested an extended deadline of May 1, 2025, to file a responsive pleading [#8]. The Court granted the motion. To date, Defendant Installation Squad has failed to file a responsive pleading.

Rule 55 of the Federal Rules of Civil Procedure governs the process of securing a clerk's entry of default and final default judgment against a party who has failed to plead or otherwise defend an action. It is Plaintiff's responsibility to prosecute this case in light of Defendant Installation Squad's failure to respond to the Complaint and Summons. Plaintiff has not moved for a clerk's entry of default or taken any other action in this case with respect to the default of this Defendant. Plaintiff should therefore diligently pursue default or show cause why moving

1

for default is not appropriate at this time. Plaintiff may also move to voluntarily dismiss this Defendant if it no longer intends to pursue claims against Installation Squad.

The Court also seeks to inform Defendant Installation Squad, LLC that, as a limited liability corporation, it cannot represent itself without licensed counsel in federal court. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed attorney.") (internal citations omitted). Accordingly, if Installation Squad, LLC is unable to obtain counsel, it leaves itself vulnerable to an entry of default and final default judgment, if pursued by Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff file a motion for clerk's entry of default against Defendant Installation Squad, LLC or show cause why he declines to do so on or before **June 16, 2025**. A failure to do so could result in dismissal of the claims against Defendant Installation Squad, LLC for want of prosecution.

**IT IS SO ORDERED.**

SIGNED this 2nd day of June, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE