IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OSWALDO BARRIOS,<br>on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>INSTALLATION SQUAD, LLC; and<br>MASTEC NETWORK SOLUTIONS, LLC.<br><br>   Defendants. | CIVIL ACTION NO. 5:25-cv-291-JKP-ESC |

**DEFENDANT MASTEC NETWORK SOLUTIONS, LLC'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

  Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint should be denied because Plaintiff's proposed amendment is futile. Plaintiff's proposed Second Amended Complaint ("SAC") is insufficient to withstand a Rule 12(b)(6) motion to dismiss, for the same reasons set forth in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). *See* ECF No. 7. As such, the Motion for Leave should be denied.

### I. Procedural Background

  Plaintiff, on behalf of himself and all others similarly situated, filed suit on January 22, 2025, in the 57th Judicial District Court, Bexar County, Texas, against MasTec Network Solutions, LLC ("MasTec"); Installation Squad, LLC; Bernardo Napoles; and Angel Rincon, alleging Defendants collectively violated the FLSA by failing to pay Plaintiff overtime, breached an alleged contract by failing to compensate Plaintiff for services rendered, and violated the Texas Payday Law by making unauthorized deductions from Plaintiff's compensation. ECF No. 1-4. On March 18, 2025, MasTec timely removed the state-court action to this Court. ECF No. 1.

On April 1, 2025, after conferring with MasTec's counsel pursuant to this Court's procedures regarding MasTec's intent to file a motion to dismiss, Plaintiff filed his FAC. ECF No. 6. Plaintiff removed his Texas Payday Law claim but continued to assert violations of the FLSA and breach of an alleged contract against all defendants. *Id.* ¶¶ 27–28.

On April 15, 2025, MasTec filed its Motion to Dismiss Plaintiff's FAC, which is currently pending before the court. ECF No. 7. The FAC fails to state an FLSA claim against MasTec because it does not sufficiently allege that MasTec was an employer within the meaning of the FLSA. *Id.* at 4–6. The FAC's vague collective definition fails to put MasTec on fair notice of the collective's members or demonstrate that Plaintiff was similarly situated to anyone. *Id.* at 6–9. The FAC also fails to state a breach of contract claim against MasTec due to Plaintiff's failure to allege MasTec's purported involvement in the contract or breach. *Id.* at 9–10. The FAC further fails to state a claim against MasTec based on unauthorized deductions because it does not articulate the types of deductions, how they were unauthorized or unlawful, or how MasTec was involved in making them. *Id.* at 10–11.

On April 29, 2025, Plaintiff filed a Response to MasTec's Motion, in which he confirmed he was not opposed to the dismissal of his breach-of-contract claim against MasTec, but did contest dismissal of his FLSA claim against MasTec. ECF No. 11.

On July 8, 2025, Plaintiff filed a Motion for Leave to file his SAC to add MasTec North America, Inc. as a defendant following MasTec's Interrogatory response that "the MasTec, Inc. entity that contracted with Defendant Installation Squad, LLC is MasTec North America, Inc." ECF No. 20. Plaintiff asserts the proposed SAC "makes no changes to the claims or parties except for adding MasTec North America, Inc., as a defendant."[1]

---

[1] In addition to adding MasTec North America, Inc., as a defendant, Plaintiff also limits the breach of contract claim only to Installation Squad, a change which MasTec does not oppose. *See* ECF No. 20-3 ¶¶ 26–27. As to the remaining

The Court should deny Plaintiff's Motion for Leave because the claims asserted in the proposed SAC against MasTec North America, Inc. fail for the same reasons the claims against MasTec fail, and amendment therefore is futile.

## II.   ARGUMENT & AUTHORITIES

### A.   Standard for Granting Leave to Amend under Rule 15(a)

Plaintiff fails to recite or apply the governing legal standard. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that if more than 21 days have passed since serving a pleading "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[D]ecisions concerning motions to amend are entrusted to the sound discretion of the district court." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks omitted).

While Rule 15(a) generally weighs in favor of the party seeking leave, "'[l]eave to amend is in no way automatic.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (brackets in original). Courts analyze five elements "to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

### B.   Plaintiff's Proposed Amendment Would Be Futile

The Court should deny Plaintiff's Motion for Leave to Amend because Plaintiff's proposed amendment is futile. "Denying a motion to amend is not an abuse of discretion if allowing an

---

Defendants, the Court dismissed Defendants Napoles and Rincon based on Plaintiff's unopposed oral motion made at the initial pretrial conference held on June 2, 2025. ECF No. 16. On June 30, 2019, Plaintiff filed a request for entry of default judgment against Defendant Installation Squad, which remains pending. *See* ECF No. 19.

amendment would be futile." *Marucci Sports*, 751 F.3d at 378. "An amendment is considered futile if 'the amended complaint would fail to state a claim upon which relief could be granted.'" *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944–45 (5th Cir. 2018) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000)). In other words, "[a]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports*, 751 F.3d at 378.

Plaintiff seeks to add MasTec North America, Inc. as a defendant, asserting identical allegations against MasTec North America, Inc. as he asserts against MasTec. Such allegations against MasTec North America, Inc. fail to state a claim for the same reasons the allegations against MasTec fail to state a claim, as detailed in MasTec's Motion to Dismiss and Reply in support of its Motion to Dismiss and incorporated here by reference. *See* ECF Nos. 7, 12. In brief, Plaintiff fails to allege that MasTec North America, Inc. acted as his employer or the employer of any member of the putative collective. ECF No. 7 at 4–6. In addition, the vague collective definition in the SAC fails to put MasTec North America, Inc. on fair notice of the collective's members or demonstrate that Plaintiff was similarly situated to anyone. *Id.* at 6–9.

Accordingly, because Plaintiff's proposed SAC fails to state a claim against MasTec North America, Inc.—just as his FAC fails to state a claim against MasTec—his proposed amendment is futile. *See, e.g.*, *SGK Props.*, 881 F.3d at 945 (affirming denial of leave to amend where plaintiffs' attempts to pursue additional claims would have been futile for the same reasons the court affirmed summary judgment dismissal of their original claims); *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) ("As we have determined that the district court correctly dismissed [the claims that would have remained in the complaint as amended], Plaintiffs' motions to amend were futile. Accordingly, the district court did not abuse its discretion in

implicitly denying Plaintiffs' motions to amend."). The Court should therefore deny Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, MasTec respectfully requests that the Court deny Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint.

Dated:  July 14, 2025                                            Respectfully submitted,

*/s/ Nicole S. LeFave*
Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Kimberly Kauffman
Texas Bar No. 24089255
kkauffman@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:     512.982.7248

**ATTORNEYS FOR DEFENDANT MASTEC NETWORK SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Matt Bachop
DEATS DURST & OWEN, PLLC
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
mbachop@ddollaw.com

***Attorney for Plaintiff***

/s/ Kimberly Kauffman
Kimberly Kauffman